UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern ꞏꞏꞏ ꞏ ꞏ ꞏꞏꞏꞏꞏ

NOV 27 2006

ꞏ ꞏ ꞏ ꞏꞏꞏ
ꞏꞏꞏ ꞏꞏ WHITMER
CL... ꞏꞏ ꞏꞏ ꞏ STRICT COURT

CIVIL ACTION NO. 05-620-GWU

MARY K. WILLIAMS,                                           PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review, pursuant to the
provisions of the Social Security Act, of an administrative decision of the
Commissioner of Social Security; at issue is the denial of her application for
Disabled Widow's Insurance Benefits (WIB). The case is currently before the Court
on cross-motions for summary judgment.

## LAW APPLICABLE TO WIDOW'S INSURANCE BENEFITS

The medical evidence relating to such widow's insurance benefits claims filed
on or after January 1, 1991, or applications pending on or after that date, are to be
evaluated under the same standards as are applied to other Title II disability claims.
Omnibus Budget Reconciliation Act (OBRA) of 1990, Pub. L. No. 101-508, Section
5103. Accordingly, a review of the principles applicable to judicial review of these
other claims is necessary.[1]

---

[1]Other requirements for widow's benefits were not at issue in the present case.

1

Williams

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Disability Insurance Benefits or Supplemental Security Income benefit

cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520)c), 404,1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not

2

Williams

> disabled. If no, proceed to Step 7. <u>See</u> 20 CFR
> 404.1520(e), 416.920(e).
>
> 7.    Can the claimant, despite his impairment(s),
>       considering his residual functional capacity, age,
>       education, and past work experience, do other work--
>       i.e., any other substantial gainful activity which exists in
>       the national economy?  If yes, the claimant is not
>       disabled. <u>See</u> 20 CFR 404.1505(a), 404.1520(f)(1),
>       416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656, (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion

3

Williams

is based on objective medical findings. Cf. Houston v. Secretary of Health and
Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968,
973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on
the trier of fact only if they are not contradicted by substantial evidence to the
contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long
been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner
may assess allegations of pain. If there is objective medical evidence of a medical
condition, the court must determine if (1) objective evidence confirms the severity
of the alleged pain arising from the condition, or (2) the objectively-established
medical condition is of such severity that it can reasonably be expected to produce
disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d
998, 1002 (6th Cir. 1988).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment. The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir 1984). However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.

4

Williams

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-one work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

5

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

6

Williams

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P. Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Williams, a 52 year-old former certified nurse's assistant and home attendant with a high school equivalent education, suffered from impairments related to diabetes mellitus, hypertension, degenerative disc and joint disease, and a 4th grade reading/fifth grade math skills. (Tr. 13-14). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the available work was

found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20-21). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Disabled Widows Insurance Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating Williams' mental condition. The ALJ concluded that the plaintiff did not suffer from a "severe" mental impairment. (Tr. 17).

Psychologist Robert Spangler examined Williams and diagnosed a depressive disorder. (Tr. 279). Spangler rated the plaintiff's Global Assessment of Functioning (GAF) at 65. (Tr. 279). Such a GAF suggests the existence of "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). The examiner identified a number of rather serious mental limitations on a Mental Medical Assessment of Ability to do Work-Related Activities Form including a "poor/none" ability to handle complex job instructions, a "fair to poor/none" ability to demonstrate reliability, and a "good to fair" ability to deal with the public, deal with work stresses, handle detailed job instructions, behave in an emotionally stable

manner, and relate predictably in social situations.  (Tr. 282-283).  Katherine Bradford, the vocational expert who testified at the administrative hearing, indicated that Spangler's limitation concerning reliability alone would preclude all employment.[2]  (Tr. 314).

Williams sought treatment for her mental problems at the Cumberland River Comprehensive Care Center. She was diagnosed as suffering from an adjustment disorder. (Tr. 197). Specific mental limitations were not identified. The plaintiff's GAF was rated at 60, suggesting the existence of "moderate" psychological symptoms. (Tr. 202).

The ALJ concluded that Williams did not suffer from a "severe" mental impairment and rejected the mental restrictions identified on Spangler's assessment form in large part because these severe mental limitations were inconsistent with the examiner's mild GAF rating of 65. (Tr. 16). However, even if Spangler's opinion was not fully binding, it at least suggests the existence of a "severe" mental impairment which should have been considered by the ALJ. The GAF rating of 60 reported by the Cumberland River Comprehensive Care Center is consistent with "moderate" mental limitations. The ALJ should at least have sought the advice of a medical advisor in assessing the claimant's mental status. Therefore, a remand of the action for further consideration is required.

---

[2]"Poor/none" was defined on the assessment form as "no useful ability to function in this area."  (Tr. 282).

Williams

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___27___ day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10